**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DUNQUAN CAI,

           Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

           Respondent.

No. 08-70673

Agency No. A095-308-598

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

     Dunquan Cai, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because the discrepancy between Cai's testimony and his asylum application statement regarding the contraband religious materials Chinese customs officials allegedly seized from his luggage is a substantial inconsistency that goes to the heart of his claim. *See Chebchoub*, 257 F.3d at 1043. Substantial evidence also supports the IJ's adverse credibility determination based on Cai's failure to provide any corroboration of his religious activities in the United States. *See Mejia-Paiz v. INS*, 111 F.3d 720, 723-24 (9th Cir. 1997). Cai's explanations for the discrepancies do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Cai's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Cai's CAT claim is based on the same testimony the IJ found not credible and he points to no other evidence in the record that shows it is more likely than not he will be tortured in China, his CAT claim fails. *See id*. at 1156-

57.

We reject Cai's claims that the IJ violated his due process rights by exhibiting bias, because the proceedings were not so fundamentally unfair that he was prevented from reasonably presenting his case, and because he failed to demonstrate prejudice. *See Torres-Chavez v. Holder*, 567 F.3d 1096, 1100 (9th Cir. 2009); *Lata*, 204 F.3d at 1246 (requiring prejudice for a petitioner to prevail on a due process claim).

Cai's motion for the appointment of counsel is denied.

**PETITION FOR REVIEW DENIED.**